OPINION OF THE COURT
William J. Regan, S.
A petition for the probate of a document purporting to be the last will and testament of the above-named deceased was returnable in this court on November 25, 1977. The document offered for probate was executed by the deceased in the presence of three subscribing witnesses on May 7, 1976 in the County of Cumberland and State of Maine. The sole distributee of the deceased is her infant daughter who is also the sole legatee under the will in question. Proofs of will in affidavit form duly executed by two of the subscribing witnesses were submitted to the court in support of the petition to probate said will. A citation was returnable in this court on November 25, 1977, at which time the guardian ad litem, James R. *489 Gunderman, appeared in behalf of the infant beneficiary. A question having arisen as to the law of the State of Maine, decision was reserved at that time as to the probate of this will.
Ordinarily it is sufficient under New York law that a will be executed in the presence of two attesting witnesses. (EPTL 3-2.1.) SCPA 1404 provides that proofs of will executed by at least two of the attesting witnesses is sufficient evidence of compliance with EPTL 3-2.1. However, where the will is executed in a foreign jurisdiction, EPTL 3-5.1 provides: "(c) A will disposing of personal property, wherever situated, or real property situated in this state, made within or without this state by a domiciliary or non-domiciliary thereof, is formally valid and admissible to probate in this state, if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law of * * * (2) The jurisdiction in which the will was executed, at the time of execution”. To determine, therefore, whether the proofs of the two subscribing witnesses are sufficient to admit the will in question to probate, it is the opinion of this court that procedures required by the law of Maine must be applied. Section 105 of title 18 of the Maine Probate Law provides as follows: "When it clearly appears to the judge by the written consent of the heirs at law or otherwise that there is no objection thereto, he may decree the probate of any will upon the testimony of one or more of the 3 subscribing witnesses required by law, who can substantiate all the requisite facts, and the affidavit of such witness or witnesses taken before the register of probate may be received as evidence, or, in the cases described in [section 104], upon the depositions of one or more of the subscribing witnesses, substantiating the facts.”
The above statute clearly provides that where there are no objections filed to the probate of the will, and upon the written consent of the heirs at law, the Probate Judge could admit the will to probate upon the testimony of any one of the three subscribing witnesses. As a matter of convenience, and in the year 1915 by chapter 289 of the Public Laws of the State of Maine, it was further provided under the same circumstances set forth in section 105 that the affidavit of any one of the witnesses would be sufficient to admit the will to probate. (Matter of Knapp, 145 Me 189.) Although there are no objections to the probate of the will in question, the written consent of the heirs at law is not possible by reason of *490 the infancy of the sole distributee. It becomes necessary, therefore, to require the written deposition of all three subscribing witnesses before this will could be probated. The written deposition of the third subscribing witness has been submitted to the court since the return date of November 25, 1977, and prior to the rendering of this decision. Under the circumstances, this court is now satisfied that the document in question is the last will and testament of the deceased, and that said deceased requested each of the three subscribing witnesses to sign the document at her request and in her presence, in conformity with the law of the State of Maine. It is accordingly the opinion of this court that the will of the deceased dated May 7, 1976 was validly executed in the matter required by the laws of the State of Maine and is therefore admitted to probate as the last will and testament of said deceased, valid to pass real and personal property thereof.